UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEMARIO DONTEZ WALKER                                               PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 1:17CV27-RHW

JOHNATHAN D. HUNT et al                                           DEFENDANTS

## ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

Before the Court are several motions for temporary restraining order (TRO) and/or preliminary injunction filed by Plaintiff Demario Dontez Walker. Doc. [12] [78] [110] [111] [126]. Plaintiff filed the first two motions for TRO/Preliminary Injunction while incarcerated at South Mississippi Correctional Institution (SMCI). Doc. [12] & [78]. On or about September 7, 2017, Plaintiff was transferred to Central Mississippi Correctional Facility (CMCF). Doc. [109]. Plaintiff filed the other three motions for TRO/Preliminary Injunction while incarcerated at CMCF. Subsequent to these motions being filed, the Court conducted a screening hearing on November 9, 2017. At the screening hearing, Plaintiff admitted that the TRO aspect of his case is moot at this time because he has been transferred to CMCF.

The purpose of a temporary restraining order (TRO) or preliminary injunction is to protect against irreparable injury and preserve the *status quo* until the court renders a meaningful decision on the merits. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). To obtain a preliminary injunction, plaintiff must show the following:

> (1) a substantial likelihood that plaintiff will prevail on the merits;
> (2) a substantial threat that irreparable injury will result if the injunction is not granted;
> (3) that the threatened injury outweighs the threatened harm to defendant; and

>    (4) that granting the preliminary injunction will not disserve the public
>    interest.

*Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "Plaintiff bears the burden of persuasion on all four elements." *Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 303 (5th Cir. 1982). In considering these prerequisites the court must bear in mind that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. *Canal Authority*, 489 F.2d at 573. To obtain a temporary restraining order, one of the requirements is that the party seeking the TRO show that "immediate and irreparable injury, loss, or damage will result" to the party seeking the TRO. Fed. R. Civ. P. Rule 65(b).

In the first two motions, Plaintiff asserts that he has been physically and sexually assaulted by inmate gang members for the profit and benefit of gang leaders and MDOC staff. He further asserts that MDOC staff have manipulated his classification status, written "bogus" Rule Violation Reports (RVR), denied him employment and educational opportunities, subjected him to repeated and unjustified searches, destroyed his property and legal material, and placed "bogus" red tags on inmates. He further complains that he has been placed in isolation, with poor conditions of confinement; he is constantly being targeted for property and strip searches; the food is cold; and he is being retaliated against solely because he filed the instant lawsuit.

After being moved to CMCF, Plaintiff filed three additional motions for TRO/Preliminary Injunction. In the first motion, filed on September 18, 2017 (but signed September 11, 2017), Plaintiff reports that he was sexually assaulted by his cell mate on September 7, 2017. Doc. [110]. Later that same day, he was transferred from SMCI to CMCF. Plaintiff complains that he has been moved several times within SMCI prior to his transfer to CMCF. He requests an immediate transfer to Marshall County Correctional Facility. On

September 18, 2017, Plaintiff filed another motion for TRO/Preliminary Injunction. Doc. [111]. In this motion, he continues to allege that he is the subject of a campaign of retaliation. Plaintiff does not make any new factual allegations in this motion. He simply repeats claims of retaliation against him in the form of undesirable housing assignments and false disciplinary proceedings. In the final motion, filed on October 10, 2017, Plaintiff asks the Court to prohibit MDOC staff from employing any type of housing, disciplinary, or classification procedures against him. Doc. [126].

As an initial matter, to the extent Plaintiff seeks injunctive relief concerning conditions at SMCI, the Plaintiff's motions are moot because he has been transferred to a different facility. *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000). In fact, at the screening hearing, Plaintiff conceded the mootness of the TRO aspect of his case. The sexual and physical assaults alleged by Plaintiff in his complaint and amended complaint occurred at SMCI and involved SMCI inmates and/or SMCI staff. In all of the TRO motions, Plaintiff identifies only two specific sexual/physical assaults. He submitted an affidavit that Correctional Officer Jamario Clark sexually assaulted him on several occasions. Doc. [36] at 1. These alleged acts occurred at SMCI. Plaintiff is no longer housed at SMCI; therefore, the need for injunctive relief is now moot. Plaintiff has been denied repeated efforts to add Jamario Clark as a defendant. *See* Doc. [165] at 8-9. The Court will not revisit that issue, which has been discussed at length in a previous order. Plaintiff has been advised that if he wishes to pursue claims against Jamario Clark, then he must file a new lawsuit. The second specific assault alleged by Plaintiff also occurred at SMCI. He alleges that on September 7, 2017, he was beaten and sexually assaulted at knife point by a new cellmate (Carlos Moody). There is no indication that Plaintiff is under

any ongoing threat from inmate Moody. In fact, Plaintiff was removed from SMCI immediately after the assault and transferred to CMCF, presumably as a protective measure.

Looking to the merits of his other claims, Plaintiff has no liberty interest in his classification status; therefore, to the extent he complains about changes in his classification status, the motions are denied. *Harper v. Showers*, 174 F.3d 716, 719; *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). By the same token, the consequent loss of privileges resulting from a change in classification status do not serve as grounds for granting a TRO or preliminary injunction, e.g. loss of employment and educational opportunities. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Bulger v. United States*, 65 F.3d 48, 50 (5th Cir. 1995); *McGruder v. Phelps*, 608 F.2d 1023, 1026 (5th Cir. 1979). Also without constitutional merit is Plaintiff's assertion that he has been placed in administrative segregation as punishment for relatively brief periods of time. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Harper*, 174 F.3d at 719. Moreover, Plaintiff is no longer housed in the isolation unit at SMCI; therefore, the conditions of confinement claim is moot. Plaintiff's complaint regarding false RVRs fails to state a basis for granting a TRO/Preliminary Injunction. *See Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994); *Smith v. Rabelais*, 659 F.2d 539, 545 (5th Cir. 1981). In a previous order, the Court already addressed this issue in some detail. *See* Doc. [168]. For the reasons stated in that order, the TRO/Preliminary Injunction is denied with respect to RVRs. To the extent Plaintiff seeks a TRO/Preliminary Injunction regarding his housing assignment or place of incarceration, this claim has no constitutional merit. An inmate has no constitutional right to be housed in a facility of his choosing. *See Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996).

Plaintiff asserts that after transfer to CMCF, his legal files were left at SMCI. The location of Plaintiff's legal files is the subject of two other pending motions and therefore will not be addressed in this order. *See* Doc. [146] & [171]. Counsel for Defendants has been instructed to investigate and report to the Court regarding the status of Plaintiff's legal files. Plaintiff further contends that after arriving at CMCF he was not given a spoon, soap, toothpaste, toothbrush, tissue or razor and only one pair of socks. He asserts he received nothing to drink except one carton of milk at breakfast since arriving at CMCF. Within four days of arriving at CMCF, Plaintiff executed this particular motion complaining the conditions of confinement there. Doc. [110]. Plaintiff's conditions of confinement claim at CMCF has nothing to do with the claims in his complaint and amended complaint. These alleged deprivations occurred long after Plaintiff filed his lawsuit. If Plaintiff wishes to pursue a conditions of confinement claim against CMCF, then he must file a new lawsuit.

In all of his motions for TRO/Preliminary Injunction, Plaintiff essentially seeks immunity from prison discipline and administration. For example, he requests an order prohibiting reclassification or transfer to other facilities or certain units; an order removing or holding in abeyance all RVRs; and a return to medium custody. He asserts that these disciplinary and administrative actions are done in retaliation because he filed a lawsuit. Plaintiff's conclusory allegations of retaliation are insufficient basis for granting a TRO/preliminary injunction. *See Woods v. Smith*, 60 F3d 1161, 1166 (5th Cir. 1995). Moreover, the Court previously advised Plaintiff that any post-lawsuit acts of retaliation must be presented in a new lawsuit. *See* Doc. [165].

Plaintiff has failed to meet his burden of persuasion with regard to any of the elements for a TRO. Although Plaintiff has stated a plausible claim for failure to protect while he was at

SMCI, he is no longer incarcerated at SMCI.  Hence, Plaintiff has not demonstrated a substantial likelihood of irreparable harm now that he is housed at CMCF.  The day to day operation of prisons must be left to the broad discretion of prison officials.  *Jackson v. Cain*, 865 F.2d 1235, 1249 (5th Cir. 1989).  Plaintiff's requested injunctive relief would undermine the prison disciplinary system, effectively immunizing him from RVRs, disciplinary proceedings, housing transfers, classification status changes, and personal or property searches.  *See Woods*, 60 F.3d at 1166 (holding that courts must "carefully scrutinize" claims of retaliation to ensure prisoner do not "inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around themselves.").  In effect, Plaintiff pleads such a claim by arguing that he is "in imminent danger at *all* state facilities."  Doc. [110] at 2 (emphasis added).  Following Plaintiff's logic, if he is in imminent danger everywhere within the MDOC system, the only solution would be to release him from MDOC custody.  Obviously, this is not a remedy available under § 1983.  Regardless, Plaintiff admitted at the screening hearing that the transfer to CMCF rendered the TRO aspect moot.

In the motion, filed on August 15, 2017, Plaintiff requested an evidentiary hearing.  Plaintiff was transferred to CMCF on September 7, 2017.  In light of Plaintiff's transfer to a new facility and in light of the screening hearing conducted on November 9, 2017, this portion of the motion is moot.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [12] [78] [110] [111] [126] Motions for TRO/Preliminary Injunction and Evidentiary Hearing are DENIED.

SO ORDERED AND ADJUDGED, this the 11th day of December, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE